**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ROBERT E. BLANKENSHIP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-377-XR |
| | § | |
| PNC  BANK, NATIONAL ASSOCIATION, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**ORDER**

On this day, the Court considered the Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 3).  After careful consideration, the Court GRANTS the motion.

**BACKGROUND**

In 1998, Plaintiff Robert E. Blankenship and his former spouse, Karen Kosub, obtained a mortgage to purchase real property located at Lot 4, Block 11, New City Block 17922, Concord Subdivision Unit 5, San Antonio, Texas (the "Property").  Pet. ¶ 1.  In connection with the mortgage, Plaintiff's former spouse refinanced the property by executing a promissory note (the "Note") and a security instrument (the "Deed of Trust) in favor of First Magnus Financial Corporation.  *Id.* ¶ 2.  Plaintiff asserts that Defendant PNC Bank, National Association acquired the Note together with the Deed of Trust.  *Id.* ¶ 3.

Plaintiff's former spouse filed for divorce in September 2009, and the divorce was finalized on December 27, 2012.  *Id.* ¶ 4 and 6.  The divorce decree was recorded in Volume 3980, Page 1582 (the "Decree").  *Id.* ¶ 6.  Plaintiff remained a resident located on the Property

and continues to reside there today.  *Id.* ¶ 5.  Plaintiff's former spouse filed a motion to award the Property to the Plaintiff.  *Id.* ¶ 9.  After the divorce, the Plaintiff began to fall behind on his mortgage.  *Id.* ¶ 10–19.  In March 2016, Plaintiff received notice that the Defendant acquired the Loan and a foreclosure sale of the Property was scheduled for April 5, 2016.  *Id.* ¶ 3, 16.  Plaintiff insists that prior to the sale date he made multiple attempts to "obtain a precise amount to pay [Defendant] to prevent foreclosure of the Property."  *Id.* ¶ 16.  Plaintiff, however, was unable to obtain a reinstatement amount.

On the date before the scheduled foreclosure sale, Plaintiff filed a lawsuit in the 150th Judicial District Court of Bexar County, Texas.  Doc. No. 1-2.  In his petition, Plaintiff asserts "that he will be able to (a) bring the arrears under the Note and Deed of Trust current or (b) obtain the Required Initial Amount under the Offer to Finance within the next one hundred and eighty (180) days by cash flow provided from either his recovery of the Personal Property Award he is due under the terms of the Divorce Action or other sources if necessary."  *Id.* ¶ 19.  Despite this assertion, Plaintiff does not state any cause of action in his petition.  He instead requests a declaratory judgment regarding the reinstatement amount due and injunctive relief to prevent a foreclosure sale.

On April 4, 2016, the state court granted Plaintiff's request for a temporary restraining order ("TRO"). Doc. No. 1-4, Ex. 3.  Eleven days later, Defendant removed the action to this Court based on diversity jurisdiction.  Doc. No. 1.  On April 27, 2016, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted.  Doc. No. 3.  No Response to the Motion to Dismiss was filed and the time for doing so has expired.  Per Local Rule 7(e)(2), "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."  W.D. Tex. Civ. R. 7(e)(2).  Given that the Plaintiff

did not file a response, the local rule permits this Court to grant the motion as unopposed. Nonetheless, the Court will independently examine the merits of the motion.

## LEGAL STANDARD

The Federal Rules of Civil Procedure mandate that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although all factual allegations in a complaint are taken to be true and are construed in the light most favorable to the plaintiff, to survive a Rule 12(b)(6) motion, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, to survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S., at 570). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)

## DISCUSSION

Plaintiff does not assert any legal cause of action. Instead, he asserts that "substantial uncertainty exists regarding (a) the amounts due owing under the Loan . . . ." Pet. ¶ 20. Plaintiff does allege that "Defendants failed to provide the requisite notices required to conduct the Scheduled Foreclosure Sale." This notice allegation may be an attempt by Plaintiff to state a claim for wrongful foreclosure. But in order for Plaintiff to assert a cause of action for wrongful foreclosure, the foreclosure sale must have already taken place. *Bernard v. Bank of America,*

*N.A.*, No. 04–12–00088–CV, 2013 WL 441749, at *3 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) (mem.op.); *see also Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 730 (N.D. Tex. 2011) ("Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery."). In this particular case, the foreclosure sale had not yet taken place, and therefore, Plaintiff could not bring such a claim. *Id.* ¶ 21.

As to Plaintiff's requests for declaratory relief, declaratory and injunctive relief are procedural devices only; they fail unless tied to a viable cause of action. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937) (noting that declaratory relief is a procedural device for granting a remedy and does not create any substantive rights or causes of action); *Barcenas v. Federal Home Loan Mortg. Corp.*, No. H–12–2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) (holding that the plaintiffs' claim for injunctive relief failed because the plaintiffs did not adequately plead any of their substantive legal claims); *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming a district court's denial of injunctive relief when a plaintiff failed to state a claim). "Injunctive relief is an equitable remedy, not an independent cause of action." *E.g.*, *Puente v. CitiMortgage, Inc.*, No. 3:11–CV–2509–N, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012). Plaintiff failed to state a cause of action, and therefore, has not provided a short and plain statement showing that he is entitled to the declaratory or injunctive relief he seeks. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. Accordingly, Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim is granted. *See* Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

In light of the foregoing, Defendant's motion to dismiss (Doc. No. 3) is GRANTED. Plaintiff's claims are dismissed without prejudice.  The Clerk's office is instructed to close this case.

It is so ORDERED.

SIGNED this 21st day of July, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE